UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

OLADAPO BEY,

                                            Plaintiff,

                  -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DETECTIVE ALBERT ANGILLETTA,

                                 Defendants.

----------------------------------------------------------------------- x

**ANSWER ON BEHALF OF
THE CITY OF NEW YORK**

09 CV 3595 (SLT) (MDG)

JURY TRIAL DEMANDED

Defendant City of New York[1], by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1.      Denies the allegations set forth in the "FIRST" paragraph of the complaint, except admits that plaintiff purports to bring this action and invoke this Court's jurisdiction as stated therein.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "SECOND" paragraph of the complaint.

3.      Denies the allegations set forth in the "THIRD" paragraph of the complaint, except admits that the City of New York is a municipal corporation existing under the laws of the State of New York.

---

[1] Upon information and belief, defendant Albert Angilletta has not yet been served with the complaint in this action and therefore is not a defendant at this time.

4.     Denies the allegations set forth in the "FOURTH" paragraph of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, and respectfully refers the Court to the New York City Charter for a full description of the City's functions and duties.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "FIFTH" paragraph of the complaint, except admits that Albert Angilletta was employed by the City of New York as a police officer.

6.     The "SIXTH" paragraph of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly, no response is required.

7.     Denies the allegations set forth in the "SEVENTH" paragraph of the complaint, except admits that plaintiff purports to proceed as stated therein.

8.     The "EIGHTH" paragraph of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "NINTH" of the complaint, except admits that plaintiff was arrested on November 21, 2008.

10.     Denies the allegations set forth in paragraph "TENTH" of the complaint, except admits that plaintiff was arrested on November 21, 2008.

11.     Denies the allegations set forth in paragraph "ELEVENTH" of the complaint, except admits that plaintiff's case was dismissed on or about May 28, 2009.

12.     In response to the allegations set forth in the "TWELFTH" paragraph of the complaint, defendant repeats and realleges the responses set forth in the "FIRST" through "ELEVENTH" paragraphs inclusive of its answer, as if fully set forth herein.

- 2 -

13.     Denies the allegations set forth in paragraph "THIRTEENTH" of the complaint.

14.     Denies the allegations set forth in paragraph "FOURTEENTH" of the complaint.

15.     Denies the allegations set forth in paragraph "FIFTEENTH" of the complaint.

16.     Denies the allegations set forth in paragraph "SIXTEENTH" of the complaint.

17.     In response to the allegations set forth in the "SEVENTEENTH" paragraph of the complaint, defendant repeats and realleges the responses set forth in the "FIRST" through "SIXTEENTH" paragraphs inclusive of its answer, as if fully set forth herein.

18.     Denies the allegations set forth in paragraph "EIGHTEENTH" of the complaint.

19.     Denies the allegations set forth in paragraph "NINETEENTH" of the complaint.

20.     Denies the allegations set forth in paragraph "TWENTIETH" of the complaint.

21.     Denies the allegations set forth in paragraph "TWENTY-FIRST" of the complaint.

22.     In response to the allegations set forth in the "TWENTY-SECOND" paragraph of the complaint, defendant repeats and realleges the responses set forth in the "FIRST" through "TWENTY-FIRST" paragraphs inclusive of its answer, as if fully set forth herein.

- 3 -

23.     Denies the allegations set forth in paragraph "TWENTY-THIRD" of the complaint.

24.     Denies the allegations set forth in paragraph "TWENTY-FOURTH" of the complaint.

25.     In response to the allegations set forth in the "TWENTY-FIFTH" paragraph of the complaint, defendant repeats and realleges the responses set forth in the "FIRST" through "TWENTY-FOURTH" paragraphs inclusive of its answer, as if fully set forth herein.

26.     Denies the allegations set forth in the "TWENTY-SIXTH" paragraph of the complaint.

27.     Denies the allegations set forth in the "TWENTY-SEVENTH" paragraph of the complaint.

28.     Denies the allegations set forth in the "TWENTY-EIGHTH" paragraph of the complaint.

29.     In response to the allegations set forth in the "TWENTY-NINTH" paragraph of the complaint, respondent repeats and realleges the responses set forth in the "FIRST through TWENTY-EIGHTH" paragraphs inclusive of its answer, as if fully set forth herein.

30.     Denies the allegations set forth in the "THIRTIETH" paragraph of the complaint.

31.     Denies the allegations set forth in paragraph "THIRTY-FIRST" of the complaint.

32.    In response to the allegations set forth in the "THIRTY-SECOND" paragraph of the complaint, defendant repeats and realleges the responses set forth in the "FIRST" through "THIRTY-FIRST" paragraphs of its answer, as if fully set forth herein.

33.    Denies the allegations set forth in paragraph "THIRTY-THIRD" of the complaint.

34.    Denies the allegations set forth in paragraph "THIRTY-FOURTH" of the complaint.

35.    Denies the allegations set forth in paragraph "THIRTY-FIFTH" of the complaint.

36.    Defendant states that the statement set forth in paragraph "THIRTY-SIXTH" of the complaint does not constitute an averment to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

37.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

38.    Defendant City of New York has not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

39.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendant City of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

40.    There was probable cause for the plaintiff's arrest, detention, and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

41.     Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

42.     This action may barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A SEVENTH  AFFIRMATIVE DEFENSE:

43.     To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

44.     At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.   Consequently, defendant City of New York is entitled to governmental immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

45.     Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

46.     Plaintiff may have failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            November 9, 2009

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-196
                              New York, New York 10007
                              (212) 788-0899

                              By:     _____
                                      Stuart E. Jacobs (SJ 8379)
                                      Assistant Corporation Counsel

To:     Duane C. Felton, Esq. (by ECF)
        Attorney for Plaintiff
        805 Castleton Avenue
        Staten Island, NY 10310

Docket No. 09 CV 3595 (SLT) (MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OLADAPO BEY,

Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DETECTIVE ALBERT ANGILLETTA,

Defendants.

## ANSWER ON BEHALF OF THE CITY OF NEW YORK

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... ,2009*

*.................................................................. Esq.*

*Attorney for ...........................................................*